## Thomas Bradwell, Administrator De Bonis Non of Charles Daberko v. Samuel R. Wilson, Administrator of Leonard North, with Will Annexed.

1. JUSTICES OF THE PEACE—*Jurisdiction in Actions Against Executors and Administrators.*—Justices of the peace have no jurisdiction in actions against executors or administrators as such.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in that court on appeal from a justice of the peace. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

JAMES A. PETERSON, attorney for appellant.

WALTER SAYLER, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is the administrator of one estate, and the

appellee of another. The intestate represented by the appellant, recovered a judgment against the appellee as administrator before a justice of the peace, which the justice directed should be paid " as a claim of the seventh class in due course of administration."

This judgment was presented to the Probate Court by petition, praying that it be allowed as a claim of that class against the estate. The Probate Court and the Circuit Court on appeal denied the prayer, and the appellant has appealed to this court.

The only question is, has a justice of the peace jurisdiction of an action against an administrator upon an alleged cause of action against his intestate?

It is not inconsistent with the letter of any statute to affirm or deny such jurisdiction, nor does a review of former legislation help us to an answer; but the premises upon which the Supreme Court in Darling v. McDonald, 101 Ill. 340, base the argument by which the jurisdiction of the Circuit Court of suits against executors and administrators is affirmed, do not exist when the inquiry is as to the jurisdiction of a justice. The chapter "Abatement," relates only to courts of record, and the provision in Sec. 18 of the chapter " Garnishment," for bringing in the legal representatives of a deceased garnishee, clearly refers to Sec. 11 of the "Abatement" chapter. There is no constitutional provision as to the jurisdiction of justices. In but two counties of the State are there Probate Courts; in all the other counties the probate business pertains to the County Courts, and also they have jurisdiction of appeals from justices. The gross inconsistency of permitting the inferior tribunal in one line to dictate to the superior tribunal in that line what its action shall be in another line is manifest, and the great inconvenience of subdividing the settlement of estates among more than a hundred justices of this county would be intolerable. Klokke v. Dodge, 103 Ill. 125.

Our judgment is that justices of the peace have no jurisdiction of actions against executors or administrators, and the judgment of the Circuit Court is affirmed.